NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**AMBER WILLIAMS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2024-2368

_____

Petition for review of the Merit Systems Protection Board in No. DA-0831-23-0052-I-1.

_____

Decided: April 16, 2025

_____

AMBER WILLIAMS, Lubbock, TX, pro se.

ELIZABETH MARIE DURFEE PULLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY; ROXANN SAMANTHA JOHNSON, Office of General Counsel, Office of Personnel Management, Washington, DC.

_____

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

PER CURIAM.

Amber Williams appeals the Merit Systems Protection Board's final order which sustained the Office of Personnel Management's denial of Ms. Williams's application for a survivor retirement annuity. Because the Merit Systems Protection Board's decision was in accordance with the law and supported by substantial evidence, we affirm.

I

Ms. Williams's father, Danny Williams, worked for the Federal Aviation Administration from 1969 until his retirement in 2006. S.A. 5–12, 17.[1] When her father died in 2022, Ms. Williams was unmarried, disabled, and living with him. S.A. 30–33.

When Ms. Williams was 10 years old, she was diagnosed with bronchial asthma and hospitalized with bronchitis and pneumonia. Ms. Williams asserts that her condition worsened and that she was treated for uncontrolled asthma in 1993, 1994, and 1996. Ms. Williams also states that she was prescribed corticosteroids to control her asthma. When Ms. Williams was 20 years old, she was diagnosed with viral meningitis, and her condition worsened. She was later diagnosed with avascular necrosis (AVN) of both hips and her left knee. Her doctor, Dr. Weldon L. Ash, indicated that because of this illness, "[she] was unable to work." S.A. 1–2.

Ms. Williams received health coverage from Blue Cross Blue Shield (BCBS) through her father's employment with the FAA, and in 2005, her continued Federal Employee's Health Benefits (FEHB) coverage was approved for

---

[1] "S.A." refers to the supplemental appendix submitted with the Respondent's informal brief.

another three years because the FAA found Ms. Williams "incapable of self-support." S.A. 4. The following year, when her father retired from the FAA, he indicated on his retirement application that Ms. Williams was an unmarried, dependent child, and he designated her as the sole beneficiary of any lump-sum benefit payable after his death.

In 2011, BCBS informed Ms. Williams that she was no longer eligible for continued disabled dependent FEHB coverage under her father's family plan due to insufficient medical documentation that Ms. Williams is permanently disabled. *See* S.A. 13–15. In response, Ms. Williams's doctor submitted a form that stated that her medical condition began in September 1988, when Ms. Williams was 20 years old, and that her recovery date was "indefinite[]." *Amber Williams v. OPM*, MSPB Docket No. DA-0831-23-0052-I-1, ECF No. 3 at 8. In 2022, the Social Security Administration determined that Ms. Williams was disabled for purposes of entitlement to monthly disability benefits and that the onset of Ms. Williams's disability was January 2004—when she was 26 years old.

After her father's death in January 2022, Ms. Williams applied for death benefits based on his service through the Civil Service Retirement System. OPM denied Ms. Williams's application because she did not meet the eligibility requirements laid out in 5 U.S.C. § 8341, which state that an unmarried, dependent child over the age of 18 may be entitled to a survivor annuity if the child "is incapable of self-support because of mental or physical disability incurred before age 18." S.A. 34. OPM concluded that the submitted medical evidence "consistently document[ed] that [Ms. Williams] incurred disability in September of 1990, when [she] was over the age of 20 years." S.A. 34. Ms. Williams requested reconsideration of OPM's initial decision, and OPM issued its final decision stating that Ms. Williams had not carried her evidentiary burden to show she incurred her disability before age 18. J.A. 36–37.

Ms. Williams appealed OPM's final decision to the Board. Ms. Williams stated that "her use of prescribed corticosteroids, prior to 1996, were a concrete factor in the initial stages of the AVN process before she turned 18." *Amber Williams v. OPM*, No. DA-0831-23- 0052-I-1, ECF No. 3 at 9. The administrative judge found that Ms. Williams's AVN began in September 1988, when she was 20 years old, and that Ms. Williams's "subjective belief" that the AVN could have been detected earlier or linked to her childhood corticosteroid use did not prove by preponderant evidence that she suffered from disabling AVN before turning age 18. *Id.* at 8–9.

Ms. Williams petitioned for review of the initial decision to the full Board. Ms. Williams submitted additional evidence, including a statement from her orthopedic surgeon and a document stating that her health insurance company did not have records older than 10 years ago. *Id.* at 24 n.2. The Board determined that none of the documents provided a basis for review and denied the petition.

Ms. Williams timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Perlick v. Dep't of Veterans Affs.*, 104 F.4th 1326, 1329 (Fed. Cir. 2024). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Lab. Rels. Bd.*, 305 U.S. 197, 229 (1938).

## III

Ms. Williams contends that the Board failed to take the additional evidence she provided into account. The Board stated that it "generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence." *Amber Williams v. OPM*, No. DA-0831-23-0052-I-1, ECF No. 3 at 24–25 n.2 (citing *Avansino v. U.S. Postal Serv.*, 3 M.S.P.R. 211, 213–14 (1980)). The Board's regulations provide that, "[t]o constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed." 5 C.F.R. § 1201.115(d). The Board concluded that, because Ms. Williams did not show that the information contained in the documents—her childhood medical records and the statement of her orthopedic surgeon—was unavailable before the close of the record on April 3, 2023, the documents did not constitute new evidence. On appeal, Ms. Williams does not argue that the documents contain new information; she argues that the Board should have considered the underlying information regardless. *See* Pet. Informal Appx. 9–10. We therefore conclude that the Board did not abuse its discretion by not considering these documents when evaluating Ms. Williams's petition for review because the documents do not constitute new evidence.

Further, Ms. Williams does not contend that the documents contain information that would demonstrate she was diagnosed with a disability prior to age 18. She asserts that the documents will show that she was treated with corticosteroids for her childhood asthma, and she argues that "[i]t's now known that even 1 dose of corticosteroids can start the inflam[m]ation process of AVN, which [] can lie dormant/asymptomatic for up to 10 years." Pet. Informal Reply Br. 1. But the Board explained in its initial decision that this information does not establish that she

suffered from disabling AVN before turning age 18. In its final decision, the Board concluded that Ms. Williams did not explain how the information in the documents is of sufficient weight to warrant a different outcome from the initial decision. *Amber Williams v. OPM*, No. DA-0831-23-0052-I-1, ECF No. 3 at 24–25 n. 2 (citing *Russo v. Veterans Admin.*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision)). We conclude that the Board did not abuse its discretion in denying Ms. Williams's petition for review, and that substantial evidence supports the Board's determination that Ms. Williams did not demonstrate that she was diagnosed with a disability before age 18 that would render her eligible for a survivor annuity under 5 U.S.C. § 8341.

## IV

We have considered Ms. Williams's remaining arguments and find them unpersuasive. For the reasons provided above, we affirm the Board's decision.

## AFFIRMED

## COSTS

No costs.